UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY BUCKLEW,

    Plaintiff,

v.                            CASE NO.:

CHARTER COMMUNICATIONS
INC., a Foreign
Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, GARY BUCKLEW ("Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq. This Court has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same operative facts and circumstances as his FMLA claims.

## PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Pinellas County, Florida.

4. Defendant is a foreign profit corporation that provides communication and entertainment products in, among others, Pinellas County, Florida, and is therefore within the jurisdiction of this Court.

5. At all times relevant hereto, Defendant was an employer as defined by the FCRA, as it employed in excess of twenty (20) or more employees during Plaintiff's entire employment with Defendant.

6. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

7. At all times relevant hereto, Plaintiff worked at a location where the Defendant employed 50 or more employees within 75 miles.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

## CONDITIONS PRECEDENT

9. On or around May 22, 2018, Plaintiff dual filed a Charge of Discrimination with the EEOC and FCHR alleging disability discrimination and retaliation against Defendant.

10. More than 180 days have passed since Plaintiff dual filed his Charge of Discrimination, and his FCRA claims are now ripe to be filed with this Court.

11. Plaintiff timely files this action.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for the Defendant from February 17, 2007, until his wrongful termination on September 20, 2017.

13. At the time of his termination, Plaintiff was employed as a Support Supervisor in the Call Center.

14. Plaintiff suffers/suffered from advanced arthritis and anxiety, which are two conditions that qualify as protected disabilities under the ADA/FCRA. *See* 42 U.S.C. § 12102.

15. He was prescribed multiple medications for this treatment by his physicians.

16. Despite these disabilities, Plaintiff was capable of performing the essential functions of his job.

17. In 2016, after years of being administered strong prescription medications for his conditions, Plaintiff's physicians came to the decision that he needed to decrease the dosage on his medication(s) for his condition(s).

18. Plaintiff was informed by his physicians that decreasing the dosage of his medications would cause him significant physical impact, the effects of which would likely require temporary leave from work.

19. Therefore, in 2016, Plaintiff applied, and was approved for, FMLA leave for one (1) week for medical treatment and recovery stemming from his physicians' recommendation to decrease his medicine.

20. After taking this FMLA leave, Plaintiff returned to work without issue.

21. In August 2017, Plaintiff's physicians recommended that he completely cease taking medication(s) for his condition(s), as the strength of the medication was negatively impacting his health.

22. Plaintiff's physicians advised Plaintiff that weening off his medication completely would again require time away from work and would likely physically impact him to the point that he may require accommodation at work.

23. Plaintiff therefore informed Defendant of his physicians' medication management recommendations, his anticipated need for leave from work, and he informed Defendant that he might require accommodations for his disabilities at work following his leave.

24. Accordingly, in August 2017, Plaintiff applied, and was approved for, one (1) week of continuous FMLA leave from work, to enter a formal detoxification program.

25. After this period, upon returning to work from leave, Plaintiff informed Defendant that due to ceasing his medication, and returning from the detoxification program, he would need reasonable accommodation at work, as his physicians had informed him that he should expect continued drowsiness and fatigue.

26. Specifically, Plaintiff informed Defendant that he may require intermittent leave from work due to his drowsiness and fatigue, stemming from both his conditions and his return from detoxification.

27. In addition to the pain and anxiety that were physical/mental impairments that affected Plaintiff's daily life activities (e.g. sleep, work, concentrate, and regulate emotions), the drowsiness and fatigue caused by Plaintiff's conditions affected various other daily life activities for which Plaintiff required reasonable accommodation.

28. Plaintiff informed Defendant that he could satisfactorily perform his job if provided the accommodation of being aroused at work when he was unable to predict bouts of his fatigue and drowsiness beforehand and notify the Defendant of his need for FMLA leave time.

29. Accommodating Plaintiff in this manner would not have caused an undue hardship to Defendant.

30. However, Defendant never provided Plaintiff with the FMLA guidance and documentation he was entitled to at this time.

31. Furthermore, Defendant not only refused to accommodate Plaintiff as requested, but Defendant also refused to provide Plaintiff with alternate accommodation and/or further engage in the interactive process with Defendant regarding his disability, and his rights under the ADA/FCRA, and the FMLA.

32. Instead, on September 20, 2017, Defendant terminated Plaintiff based on his disability, and his need for accommodation.

33. Had Defendant provided Plaintiff with intermittent FMLA leave, and/or properly accommodated Plaintiff, Plaintiff would not have been terminated.

34. Defendant unquestionably, and unlawfully, terminated Plaintiff's employment in retaliation for him suffering a serious chronic health condition and retaliated against him by failing to accommodate his disability and request for leave and accommodation and ultimately firing him for same.

35. Defendant did not have a legitimate reason for Plaintiff's termination.

36. Plaintiff has suffered damages as a result of Defendant's conduct that violated the FCRA and FMLA.

## COUNT I – FMLA INTERFERENCE/RETALIATION

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

38. At all times relevant hereto, Defendant interfered with and discriminated/retaliated against Plaintiff, because Plaintiff exercised his right to take leave from work under the FMLA.

39. At all times relevant hereto, Defendant discriminated against Plaintiff in violation of the FMLA.

40. At all times relevant hereto, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

41. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA because he properly sought and utilized FMLA leave.

42. Defendant interfered with and discriminated/retaliated against Plaintiff for exercising his rights under the FMLA, because Defendant failed to offer/provide Plaintiff with proper notice and guidance on the FMLA leave he was entitled to, and ultimately terminated Plaintiff's employment as a result of Plaintiff's attempts to exercise his rights under the FMLA and take medical leave.

43. Defendant interfered with and discriminated/retaliated against Plaintiff for exercising his right to unpaid leave, because Defendant terminated Plaintiff in retaliation for, and in interference with, his right to FMLA leave.

44. At all times relevant hereto, Defendant acted with the intent to interfere with and discriminate against Plaintiff, because Plaintiff exercised/attempted to exercise his right to leave pursuant to the FMLA.

45. As a result of Defendant's intentional, willful and unlawful acts by interfering with and discriminating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

46. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

47. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- DISABILITY/HANDICAP DISCRIMINATION IN VIOLATION OF THE FCRA

48. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

49. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.  Therefore, he is the member of protected classes as envisioned by the FCRA because:

> (a) He was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

7

(b) He suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

50. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA.

51. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position.

52. Defendant denied Plaintiff reasonable accommodation, and otherwise discriminated against Plaintiff by terminating his employment based on his disability and need/request for accommodation for same.

53. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

54. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

55. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the FCRA.

56. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

57. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

58. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

8

59. The discrimination to which Plaintiff was subjected was based on his disability, or "perceived disability."

60. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

61. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

62. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

63. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT II**

**WHEREFORE**, Plaintiff prays that this Court will:

(a) Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

(b) Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

(c) Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

(d) Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT.; and

(e) Provide any additional relief that this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 15th day of August 2019.

                Respectfully Submitted,

                **By: *s/Noah E. Storch*_____**
                Noah E. Storch, Esq.
                FL Bar No. 0085476
                Robert Pecchio, Esq.
                FL Bar No. 1005955
                RICHARD CELLER LEGAL, P.A.
                10368 W. SR. 84, Suite 103
                Davie, FL 33324
                Tel: 954-903-7475
                Fax: 954-337-2774
                robert@floridaovertimelawyer.com
                noah@floridaovertimelawyer.com