UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY BUCKLEW,

    Plaintiff,

v.                                          Case No: 8:19-cv-2029-TPB-AAS

CHARTER COMMUNICATIONS,
INC.,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
PORTIONS OF KAREN BLACKBURN'S DECLARATION**

This matter comes before the Court on "Plaintiff's Motion to Strike Portions of Karen Blackburn's Declaration," filed on January 19, 2021. (Doc. 43). Defendant filed a response on February 1, 2021. (Doc. 46). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

Plaintiff Gary Bucklew worked as a supervisor for Defendant Charter Communications, Inc. In 2017, he was terminated for sleeping on the job, making disruptive personal calls and work, and poor performance. Plaintiff sued Defendant, alleging claims under the Florida Civil Rights Act and the Family Medical Leave Act ("FMLA"). Plaintiff contends that he was disabled due to symptoms of opioid withdrawal, that Defendant denied his request for a reasonable

accommodation for his disability, and that Defendant terminated him because of his disability and in retaliation for taking FMLA leave to withdraw from opioid use.

Defendant has moved for summary judgment on multiple grounds. In support of its motion, Defendant submitted a declaration by Karen Blackburn, a Senior Director of Human Resources with Defendant. Plaintiff has moved to strike certain statements in the declaration.

## Analysis

Plaintiff argues that Blackburn lacks personal knowledge for certain statements in her declaration, and that they are made on little more than "information and belief" and conjecture. Plaintiff specifically argues that Blackburn did not supervise or evaluate Plaintiff and is therefore not in a position to make "performance-related statements." Blackburn's affidavit, however, not only asserts expressly that it is made on personal knowledge but provides additional information about Blackburn's position and role in Plaintiff's employment that supports the assertion of knowledge. *See Martin v. Rumsfeld*, 137 F. App'x 324, 326 (11th Cir. 2005) (holding that, where affiant unqualifiedly stated that the statements were made on personal knowledge, "[t]he district court . . . was bound to accept her statements as true, unless the context demonstrated otherwise").

Plaintiff's motion also refers to hearsay, "impermissible opinion statements," and "conclusory allegations." Plaintiff offers no argument or authority on these points. Moreover, the challenged statements in Blackburn's declaration refer to corporate roles and positions, corporate policies, and actions taken by Defendant

and various individuals. They do not report statements by out-of-court declarants offered for the truth of the statements. *See Lane v. Dolgencorp, LLC*, No. 8:10-cv-2712-T-23EAJ, 2012 WL 13106318, at *3 (M.D. Fla. Apr. 18, 2012); Fed. R. Evid. 801(c). The statements are factual in nature, and to the extent that any of statements arguably involve opinions or conclusions, the Court can take that into account in ruling on Defendant's motion for summary judgment. *See Edmondson v. Caliente Resorts, LLC*, No. 8:15-cv-2672-T-23TBM, 2017 WL 8948389, at *4 (M.D. Fla. Apr. 7, 2017) (noting that, to the extent challenged declarations contained conclusions, "the presiding judge is fully capable of ignoring such legal conclusions in performing his review of the summary judgment motions").

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiff's Motion to Strike Portions of Karen Blackburn's Declaration" (Doc. 43) is **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 5th day of April 2021.

                                                                    **TOM BARBER**
                                                                    **UNITED STATES DISTRICT JUDGE**