UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY BUCKLEW,

    Plaintiff,

v.                                         Case No: 8:19-cv-2029-TPB-AAS

CHARTER COMMUNICATIONS,
INC.,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART AS MOOT
DEFENDANT'S MOTION TO STRIKE DECLARATION OF GARY BUCKLEW**

    This matter comes before the Court on "Defendant's Motion to Strike Declaration of Gary Bucklew and Incorporated Memorandum of Law" (Doc. 49). On March 9, 2021, Plaintiff Gary Bucklew filed a response in opposition to the motion. (Doc. 53). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

    Plaintiff worked as a supervisor for Defendant Charter Communications, Inc. In 2017, he was terminated for sleeping on the job, for making disruptive personal calls and work, and for poor performance. Plaintiff sued Defendant, alleging claims under the Florida Civil Rights Act and the Family Medical Leave Act ("FMLA"). Plaintiff contends that he was disabled due to symptoms of opioid withdrawal, that Defendant denied his request for a reasonable accommodation for his disability, and

that Defendant terminated him because of his disability and in retaliation for taking FMLA leave to withdraw from opioid use.

Defendant has moved for summary judgment on multiple grounds. In opposition, Plaintiff has submitted a 66-paragraph declaration. Plaintiff's declaration, most significantly, asserts that he never slept on the job except on one occasion when his shift had already ended. Defendant moves to strike as a sham the entire declaration or at least specifically identified paragraphs. Defendant asserts that many paragraphs contradict Plaintiff's deposition testimony without any explanation. Defendant also argues the declaration presents statements made without personal knowledge, impermissible speculation, legal conclusions, and hearsay.

## Analysis

Many if not most of Defendant's arguments regarding the declaration appear to be well taken, but the Court will address only certain paragraphs that the Court deems relevant to resolving Defendant's summary judgment motion. Other paragraphs challenged by Defendant are either irrelevant to the Court's summary judgment ruling or reflect assertions such as legal conclusions that the Court has disregarded in ruling on the motion for summary judgment without formally striking them. To the extent not addressed, Defendant's motion to strike is denied as moot in light of the Court's summary judgment ruling.

*Unexplained Contradictions of Deposition Testimony*

A court may disregard or strike as a sham an affidavit or declaration "submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony." *McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1240 n.7 (11th Cir. 2003). The sham affidavit rule is "applied sparingly because of the harsh effect it may have on a party's case." *Allen v. Bd. of Pub. Educ. For Bibb Cty.*, 495 F.3d 1306, 1316 (11th Cir. 2007) (citations, internal quotations omitted). The rule does not apply to "every failure of memory or variation in a witness's testimony." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986). Nevertheless, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Assoc. v. U.S. Indus.*, 736 F.2d 656, 657 (11th Cir. 1984).

Defendant challenges the following assertions, among others, in Plaintiff's declaration as unexplained contradictions of Plaintiff's deposition testimony.

- Plaintiff's assertions in his declaration that he did not sleep at his desk with the exception of one incident on August 11, 2017. (Doc. 44-1 at ¶¶ 11-13, 27, 30, 39, 42-44, 53).

- Plaintiff's assertion that David Saldarriaga never told him that he was sleeping on the job (*Id.* at ¶ 43)

- Plaintiff's assertion that he firmly denied sleeping on the job when confronted by Saldarriaga (*Id.* at ¶ 13)

- Plaintiff's assertion that no one coached him about making personal calls while on the job (*Id.* at ¶¶ 18-19)

Based upon the Court's review of these paragraphs and the Plaintiff's deposition testimony, Defendant's motion to strike the assertions in these paragraphs is due to be granted. Plaintiff admitted in his deposition that he slept at work on at least one occasion and did not deny sleeping on the other occasions identified by Defendant, consistently and repeatedly testifying only that he did not recall the incidents. *See, e.g,* (Doc. 36-3 at 117-18, 121-22, 125-27, 160-61, 164, 180-81, 190, 210-215, 217). He admitted Saldarriaga had awakened him at his desk, and he did not assert that he denied to Saldarriaga that he had been asleep. (*Id.* at 94-96, 139-41, 189-91, 214-16). He also did not deny being coached or counseled by his supervisors about this problem or concerning his making personal calls. (*Id.* at 140-41, 154-57, 190-95, 208).

Plaintiff offers no explanation for the contrary statements appearing for the first time in his declaration opposing summary judgment. The Court therefore finds them to constitute sham assertions and strikes the foregoing paragraphs of Plaintiff's declaration. The Court has disregarded them in ruling on Defendant's motion for summary judgment.

*Other Evidentiary Issues*

Defendant challenges a number of other assertions in Plaintiff's declaration as impermissible legal conclusions, speculation, and matters asserted without personal knowledge. Plaintiff's declaration ¶ 21, for example, states:

> Unbeknownst to me, Worden [his immediate supervisor] was using this to bolster a case against me because I was perceived as a disabled liability after by seeking and being denied reasonable accommodation, requesting FMLA leave and exercising his rights under the FMLA, of the workplace.

In paragraphs 40, 47, 49, 58, 59, and 61 Plaintiff similarly asserts that he was terminated for requesting an accommodation, for requesting FMLA leave, and because of his disabilities, rather than for a legitimate non-discriminatory reason. These assertions constitute legal conclusions, impermissibly speculate about the intent and motivation of other individuals, and – based on Plaintiff's testimony in his deposition – they lack a basis in Plaintiff's personal knowledge.  Such assertions are insufficient to create an issue of fact.  *See, e.g., Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *Barker v. R.T.G. Furniture Corp.*, 8:08-cv-484-T-33MAP, 2009 WL 1767562, at *4 (M.D. Fla. June 22, 2009), *aff'd,* 375 F. App'x 966 (11th Cir. 2010).  The Court accordingly has disregarded these and other similar statements in ruling on Defendant's summary judgment motion and will not address them further here.  Similarly, the Court will not address other assertions in Plaintiff's declaration that do not bear on its summary judgment ruling. Accordingly, Defendant's motion to strike as to these paragraphs is denied as moot.

>  It is therefore
>
>  **ORDERED**, **ADJUDGED**, and **DECREED**:
>
>  (1) "Defendant's Motion to Strike Declaration of Gary Bucklew and Incorporated Memorandum of Law" (Doc. 49) is **GRANTED IN PART** and **DENIED IN PART AS MOOT**.

(2) The motion is granted to the extent that the assertions identified above in paragraphs 11-13, 18-19, 27, 30, 39, 42 -44, and 53 of the Declaration of Gary Bucklew are **STRICKEN.**

(3) The motion is otherwise **DENIED AS MOOT** for the reasons stated above.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of April, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**