## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GARY BUCKLEW,**

      **Plaintiff,**

**v.**                                                    **Case No. 8:19-cv-2029-TPB-AAS**

**CHARTER COMMUNICATIONS,**
**LLC,**

      **Defendant.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

Charter Communications, LLC (Charter) requests an award of its taxable costs under Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, against Gary Bucklew. (Doc. 70). Mr. Bucklew opposes the motion. (Doc. 71).

## I.   BACKGROUND

Mr. Bucklew sued Charter alleging claims of disability discrimination and failure to accommodate a disability under the Florida Civil Rights Act, interference with benefits under the Family Medical Leave Act (FMLA), and retaliation under the FMLA. (Doc. 1). Charter moved for summary judgment and Mr. Bucklew opposed the motion. (Docs. 36, 44). District Judge Thomas P. Barber granted Charter's motion for summary judgment and the Clerk entered judgment in Charter's favor. (Docs. 57, 59).

Charter now requests that the court award its prevailing party costs of $3,937.70 against Mr. Bucklew. (Doc. 70). Mr. Bucklew responds that if the court awards Charter its taxable costs, the costs at least should be reduced to $1,629.00. (Doc. 71).

## II.   ANALYSIS

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "one who has been awarded some relief by the court." *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006) (citation omitted). In awarding costs, courts are limited to those listed in 28 U.S.C. Section 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). It is within the court's discretion to deny a full award of costs if the court has, and states, a sound reason. *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

The categories of taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. Section 1923; and (6) compensation of court appointed experts,

2

compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. Section 1828. 28 U.S.C. § 1920.

Having obtained judgment in its favor, Charter is the prevailing party and entitled to taxable costs. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("[T]he litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."). Charter requests an award of $3,937.70 in taxable costs, which represents: (1) fees for service of third-party subpoenas ($130.00); (2) deposition fees ($3,767.00); and (3) fees for copying ($40.70). (Doc. 69, p. 1).

## A.    Service Fees

Charter requests that the court award its fees for serving third-party subpoenas on Mr. Bucklew's medical providers, totaling $130.00. (*See* Doc. 69, Ex. A). Under Section 1920(1), a prevailing party may recover service of process costs for the complaint, deposition subpoenas, and trial subpoenas. *Powell v. Carey Int'l., Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008). Courts can tax costs for a private process server's fee, but the fee should not exceed the statutory maximum authorized for service by the U.S. Marshals Service. *EEOC v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). According to regulations proscribed by the Attorney General, the U.S. Marshals Service may charge $65 per hour for each item served, plus travel costs and other out-of-pocket expenses. 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3).

Although the costs of service of the third-party subpoenas was $150.00 per subpoena, Charter requests an award of $65 per subpoena.[1] (Doc. 69, Ex. A, p. 1). These service costs follow the statutory maximum authorized for service by the U.S. Marshals Service. Thus, Charter's compensable costs for service is **$130.00**.

## B.   Deposition Fees

Charter requests that the court award $3,767.00 in costs associated with these deponents: Gary Bucklew ($2,841.80, for the deposition transcript, court reporter, and the remote deposition platform);[2] Roger Saldarriaga ($525.00, for the deposition transcript); and Anna Ciserano ($400.20, for the deposition transcript). (Doc. 69, Ex. B, pp. 1-4).

### 1.   Deposition Transcripts

Under Section 1920(2), courts may tax costs for transcripts necessarily obtained for use in the case. To be compensable, deposition transcripts need not be used at trial. *U.S. E.E.O.C.*, 213 F.3d at 621. But the prevailing party must have taken the deposition about an issue the parties contested when the deposition occurred. *Muldowney v. MAC Acquisition, LLC*, No. 09-22489-CIV-

---

[1] Charter does not request recovery of the costs of failed service attempts. (*See* Doc. 69, Ex. A, pp. 1-3).

[2] The specific costs associated with Mr. Bucklew's deposition are: $1,660.80 for the deposition transcript + $541.00 for the court reporter's fees + $640.00 for the remote deposition platform = **$2,841.80**. (*See* Doc. 69, Ex. B, p. 2).

4

HUCK, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010). "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable.'" *Id.* (quoting *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992)).

Charter argues the deposition transcripts of Mr. Bucklew, Mr. Saldarriaga, and Ms. Ciserano were necessarily obtained for use in this action because they were related to and used within Charter's motion for summary judgment. (Doc. 70, pp. 5-6). "[D]epositions relied upon for summary judgment motions are taxable." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (citation omitted). "[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition." *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1289 (M.D. Fla. 2005) (citing *W&O, Inc.*, 213 F.3d at 621).

Charter attached the deposition transcripts of Mr. Bucklew, Mr. Saldarriaga, and Ms. Ciserano to its motion for summary judgment. (*See* Docs. 36-3, 36-4, 36-5). These depositions were used in Charter's argument

supporting summary judgment and the court's consideration. (*See* Docs. 36, 50, 57). Thus, these deposition transcripts are taxable.

Charter should be awarded its costs for the deposition transcripts of Mr. Bucklew ($1,660.80), Mr. Saldarriaga ($525.00), and Ms. Ciserano ($400.20)—totaling **$2,586.00**. (*See* Doc. 59, Ex. B, pp. 2-4).

### 2.    Court Reporter Fees

Section 1920 does not specifically allow for certain deposition costs such as court reporter appearance fees. However, courts in this district have permitted recovery of court reporter fees. *See Miller v. Allstate Prop. & Cas. Ins. Co.*, No. 8:17-cv-3056-T-02CPT, 2020 WL 4750888, at *1 (M.D. Fla. Aug. 17, 2020); *Brazill v. Miners*, No. 14-cv-3131-T-27TGW, 2018 WL 1609960, at *2 (M.D. Fla. Apr. 3, 2018) (citations omitted); *Chico's FAS, Inc. v. Clair*, No. 2:13-cv-792-FtM-38MRM, 2018 WL 1833134, at *9 (M.D. Fla. Jan. 25, 2018) (noting "it makes little sense" to exclude appearance fees when court reporters are necessary to conduct depositions).

Charter should be awarded its court reporter's fees for Mr. Bucklew's deposition, including the cost of attendance—totaling **$541.00**. (*See* Doc. 59, Ex. B, p. 2).

### 3.    Remote Deposition Fees

Charter requests an award of the costs of the remote deposition platform, including the exhibit sharing platform, for Mr. Bucklew's deposition. (*See* Doc.

69, Ex. A, p. 2). Mr. Bucklew's deposition was taken via videoconference because of the COVID-19 pandemic. Section 1920 does not specifically allow for recovery of remote video platform fees nor has Charter provided authority in this District when the court allowed such fees. Thus, Charter should not be awarded the costs of the remote deposition platform used for Mr. Bucklew's deposition.

*    *    *    *

The compensable costs associated with the depositions of Mr. Bucklew, Mr. Saldarriaga, and Ms. Ciserano is **$3,127.00** ($2,586.00 (deposition transcripts) + $541.00 (court reporter fees)).

## C.    Fees for Copies

Charter requests reimbursement for copies of Mr. Bucklew's deposition exhibits. (*See* Doc. 69, Ex. C). Charter states that the deposition exhibits "were filed and used in support of [its] motion for summary judgment in conjunction with the transcript testimony itself." (Doc. 70, p. 8).

Under Section 1920(4), a court may award the costs of making copies necessarily obtained for use in the case. The costs of copying exhibits and documents prepared for the court's consideration are recoverable under Section 1920(4). *Desisto Coll. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913, (M.D. Fla. June 2, 1989), *aff'd,* 914 F.2d 267 (11th Cir. 1990) (citation omitted); *see also Miller*, 2020 WL 4750888, at *3 ("Exhibits to the deposition

are taxable."); *WrestleReunion, LLC v. Live Nation Television Holdings, Inc.*, No. 8:07-cv-2093-JDW-MAP, 2010 WL 11508234, at *2 (M.D. Fla. Feb. 10, 2010) ("Exhibits to deposition transcripts may be taxed pursuant to § 1920 as 'costs of making copies of any materials where the copies are necessarily obtained for use in the case.'").

Charter should be awarded its costs for copies of Mr. Bucklew's deposition exhibits—totaling **$40.70**. (*See* Doc. 69, Ex. C, p. 2).

## D.   Equitable Deduction

Mr. Bucklew argues the court should reduce the costs award because of his limited financial resources. (Doc. 71, pp. 5-7). "[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman,* 229 F.3d at 1039.

Mr. Bucklew states he is unable to pay a cost judgment because he is retired and receives monthly Social Security benefits. (Doc. 71, p. 6). However, Mr. Bucklew testified he was employed in September 2020 and owns three investment rental properties. (Doc. 36-3, pp. 7:25-8:08, 35:09-19, 41:05-25). Mr. Bucklew also paid the $400.00 filing fee and did not request to proceed *in forma pauperis. Smith v. Conner*, No. 8:12-CV-52-T-30AEP, 2014 WL 1652419, at *2 (M.D. Fla. Apr. 23, 2014), (declining to reduce costs where plaintiff paid filing and service fees, despite allegations of indigency).

Mr. Bucklew failed to provide documentation demonstrating a true inability to pay. *Perez v. Saks Fifth Ave., Inc.*, No. 07-21794-CIV, 2011 WL 13172510, at *11 (S.D. Fla. Feb. 14, 2011) ("This Court requires substantial documentation of a true inability to pay for [it to] reduce the amount of costs to be paid, and may not decline to award any costs at all."). There is insufficient justification for the court to reduce the cost award on the ground that Mr. Bucklew is indigent. *See Mathews v. Crosby*, 480 F.3d 1265, 1276-77 (11th Cir. 2007) (affirming an award of costs despite a claim of indigence because the district court had no "sound basis to overcome the strong presumption that a prevailing party is entitled to costs") (citation omitted); *Chapman*, 229 F.3d at 1039 (requiring "substantial documentation of a true inability to pay"). Thus, the court should decline to reduce costs based on Mr. Bucklew's alleged indigent status.

## III.   CONCLUSION

It is **RECOMMENDED** that Charter's motion to tax costs (Doc. 70) be **GRANTED in part** and **DENIED in part**. Charter should receive an award of **$3,297.70** in taxable costs against Mr. Bucklew.

**ENTERED** in Tampa, Florida on July 16, 2021.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.